IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>RICHARD ACEVEDO-RIVERA (5)<br><br>**Defendant** | **Criminal No.** 21-132 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

This matter comes before the Court on Richard Acevedo-Rivera's appeal from an August 12, 2022, order of detention. For the reasons set forth below, the appeal is **DENIED**. Mr. Acevedo-Rivera shall remain detained pending trial.

### I. BACKGROUND

On April 20, 2021, a Grand Jury returned a six-count indictment against sixteen defendants who are allegedly members of a drug-trafficking organization operating within 10,000 feet of the Andrés Méndez Liceaga and Hacienda San Andrés Public Housing Projects in San Sebastián, Puerto Rico. Mr. Acevedo-Rivera is charged in all counts which include: (a) conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841)(a)(1), 846 and 860 (Count 1); (b) possession with intent to distribute various types of controlled substances also in violation of 21 U.S.C. §§ 841)(a)(1), 846 and 860 (Counts 2-

5); and (c) Possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(d)(1) (Count 6). (Docket No. 3).

Defendant did not initially seek bail and was detained both for risk of flight and dangerousness. (Docket Nos. 43 and 47). On August 1, 2022, Magistrate Judge Marshal Morgan granted upon reconsideration a motion to reopen bail. (Docket No. 296). After a hearing, Magistrate Judge Morgan ordered defendant detained. (Docket Nos. 303 and 304). Mr. Acevedo-Rivera appealed from this order. (Docket No. 305).

At the August 26, 2022, *de novo hearing*, the Government moved for detention based both on risk of flight and danger to the community. *See* 18 U.S.C. 3142(f)(1) & (2). (Docket No. 310).

## II.  LEGAL STANDARD

**A. Standard of review for a detention or release order:**

District courts review a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014). A district court may also "take additional evidence or conduct a new evidentiary hearing when the defendant has placed relevant facts at issue." Id.

**B. The Bail Reform Act:**

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released. *See* 18 U.S.C. § 3141(a). Section 3142(e) of the Act provides that if after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person prior to trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which an accused individual is eligible for detention and therefore, a detention hearing is proper. Id. § 3142(f). Specifically, Section 3142(f)(1) of the Act requires that the judicial officer hold a detention hearing upon motion of the attorney for the Government in cases which involve "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" and other prescribed offenses including crimes of violence. Id. § 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing upon government motion or *sua sponte* in cases that involve "(A) a serious risk

Criminal No. 21-132-5                                                    Page 4

that such person will flee; **or** (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." Id. § 3142(f)(2) (emphasis added).

The standard of proof for detention due to dangerousness is **clear and convincing evidence**. Id. Clear and convincing evidence is "more than preponderance of the evidence and less than beyond reasonable doubt." United States v. Acevedo-Ramos, 600 F.Supp. 501, 509 (D.P.R. 1984). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. The standard of proof for detention due to risk of flight is preponderance of the evidence. *See* United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

Another Judge sitting in this District has held that:

> Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

United States v. Vargas-Reyes, 220 F.Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment alone triggers the presumption. Id. (citing United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

Criminal No.  21-132-5                                              Page 5

    The 18 U.S.C. § 3142(e)(3) presumption imposes the burden of production upon the defendant. *See* Vargas-Reyes, 220 F.Supp. 2d at 225. This burden of production can be satisfied by introducing at least some evidence contrary to the facts presumed but, even so, the presumption does not disappear and retains evidentiary weight. Id. Notably, the burden of *persuasion* always rests with the Government, both in presumption and non-presumption cases. Id.

    When determining whether there are conditions of release to assure a defendant's appearance and the safety of the community during a detention hearing, judicial officers must take into consideration the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Furthermore, the Court may consider uncharged conduct in assessing the degree of danger posed by the defendant's release. *See* United States v. Rodriguez, 950 F.2d 85, 88-89 (2d Cir. 1991). It is worth noting that "bail hearings [are] typically informal affairs, not substitutes for trial or even discovery." U.S. v. Acevedo-Ramos, 755 F.3d 203, 206 (1st Cir. 1985).

Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable. *See* 18 U.S.C. § 3142(i). Although not required by the Act, the First Circuit has indicated that "a similar statement of reasons should ordinarily accompany release orders in contested cases." United States v. Tortora, 922 F.2d 880, 883 (1st Cir. 1990).

### III.  DISCUSSION

**A. The nature and circumstances of the offense charged.**

As noted earlier, Mr. Acevedo-Rivera is charged with a) conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841)(a)(1), 846 and 860 (Count 1); (b) possession with intent to distribute various types of controlled substances also in violation of 21 U.S.C. §§ 841)(a)(1), 846 and 860 (Counts 2-5); and (c) Possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(d)(1) (Count 6). (Docket No. 3). The narcotics offenses trigger the presumption that "no condition or combination of conditions will reasonably assure the safety of any other person or the community." 18 U.S.C. § 3142(e)(3)(a). The firearms offense triggers the presumption as well. Id. § 3142(e)(3)(b).

**B. The weight of the evidence against the defendant.**

Based on the parties' proffers, the weight of the evidence appears to be strong as to Count 6, *i.e.*, possession of firearms in furtherance of a drug-trafficking crime. The Government proffered that it has testimonial evidence that Mr. Rivera-Acevedo supplied firearms to the drug-trafficking organization and that the firearms would be tested within the premises of the public housing projects. However, the weight of the evidence might not be as strong for the controlled substances offense. Defense counsel proffered that the defendant does not appear in any of the surveillance videos of the alleged drug-trafficking organization. The Government did not rebut that proffer. Therefore, this factor does not tip the balance for, or against, pretrial release.

**C. The Defendant's personal history and characteristics.**

Mr. Acevedo-Rivera is 37-years old. He has been unemployed since 2016, reputedly because of a disability (*i.e.*, the loss of his right arm). He does not receive social security benefits and has disclosed no means of financial support.

Mr. Acevedo-Rivera has a lengthy criminal history which includes two (2) convictions for controlled substance offenses in 2003 and 2013 (at ages 17 and 28); two (2) convictions for assault in 2005 and 2009 (at ages 20 and 24); and one (1) conviction for possession of an unlicensed firearm in 2009 (also at age 24).

Mr. Acevedo-Rivera also has an arrest history for charges that are akin to those before the Court because they pertain to firearms and controlled substance offenses but did <u>not</u> result in convictions. In 2018, at age 32, he was charged with assault, firing or brandishing a firearm, threats, and possession of an unlicensed firearm. In 2020 (at age 34), he was again charged with firing or brandishing a firearm, threats, and possession of an unlicensed firearm. Mr. Acevedo-Rivera is also awaiting trial in a 2019 case involving possession of an unlicensed firearm, unlicensed ammunition, and controlled substances. While these prior arrests cannot be afforded the same weight as convictions, the Court need not ignore them. *See* <u>Acevedo-Ramos</u>, 755 F.3d at 209.

On the other hand, Defendant also provided testimony from Edwin H. Sepulveda-Valentin ("Sepulveda-Valentin"), his attorney in past and pending cases before the Courts of the Commonwealth of Puerto Rico, to the effect that no motion to revoke Mr. Acevedo-Rivera's state court bond has ever been filed. However, Sepulveda-Valentin also conceded that he was not responsible for supervising Defendant's compliance with state court bond.

**D. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.**

Courts have routinely held that "[d]rug trafficking standing by itself constitutes a 'danger' to society, 'it is clear that

Criminal No. 21-132-5                                              Page 9

[harm] to society caused by narcotic trafficking is encompassed within Congress' definition of danger [to the community].'" <u>U.S. v. Alindato-Perez</u>, 627 F.Supp. 2d 58 (D.P.R. 2009) (quoting United States v. Leon, 766 F.2d 77, 81 (2nd Cir.1985)) (edits in the original).

Mr. Acevedo-Rivera contends that he poses no danger to the community because he is older, disabled after losing an arm in a 2016 shooting, and his convictions are "old" as the last one is from 2013. While the Court does not minimize Defendant's disability, the loss of his right arm does not render him harmless or unable to conspire or possess controlled substances and firearms. Mr. Acevedo-Rivera's criminal history is cause for concern. His prior state convictions and arrests are for offenses akin to the charges in this case: controlled substances and firearms. Just as troubling, Mr. Rivera-Acevedo appears to have recidivated promptly upon release from terms of incarceration in 2005, 2009, and 2013. The Court cannot cast a blind eye to his recent arrests that that did not result in convictions but also were for offenses similar to the charges in this case. Lastly, defendant has a history of violence given his past convictions for assault. All told, Defendant's prior controlled substances, firearms, and assault convictions weigh in favor of detention for the safety of the community. *See* <u>United States v. Vélez-Ramos</u>,

2019 WL 1771614 (D.P.R. 2019) (noting that "convicted felons are regarded as persons who pose serious risks of danger to the community[.]").

### IV.  CONCLUSION

In this case, the presumption that "no condition or combination of conditions will reasonably assure the safety of any other person or the community" put the burden of production upon Defendant. *See* 18 U.S.C. § 3142(e)(3)(a). While he pointed to his age, disability, and purported compliance with conditions of state bail, the Court finds that the Government has established by clear and convincing evidence "no condition or combination of conditions will reasonably assure the safety of any other person or the community."

Based on the foregoing, Defendant Richard Acevedo-Rivera's Appeal is **DENIED**. He shall remain detained pending trial.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 28th day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge